Dear Attorney Stocker,
¶ 0 This office has received your request for an Attorney General Opinion in which you asked, in effect, the following questions:
1. Who sets the salaries of county officers in counties thatelect to use the budget procedures found at 19 O.S. 1991 andSupp. 1996, §§ 1401-1421, the County Budget Act?
 2. What entity has the final authority to determine if countycommissioner salaries may be paid from the county highway fund?
 3. In counties that operate under the County Budget Act, mustthe salaries of all Class 1 county officers be equal?
 I.
¶ 1 Under Oklahoma law there are alternative methods by which counties may enact budgets for a particular fiscal year. A county may use the procedures found at 68 O.S. 1991 and Supp. 1996, §§3001-3033, or a county may, through action of its board of county commissioners, choose to use the provisions of the County Budget Act, 19 O.S. 1991 and Supp. 1996, §§ 1401-1421.
¶ 2 Under the Title 68 procedures, county commissioners are responsible for preparing an estimate of needs and a financial statement from estimates submitted by county officers and department heads. 19 O.S. 1991, § 345[19-345]; 68 O.S. 1991, §§ 3002[68-3002]
and 3004. The final versions are then submitted to the county excise board. 68 O.S. 1991, § 3002[68-3002].[1]
¶ 3 The county excise board "functions as a watchdog agency which is empowered to require adequate and accurate reporting of finances and expenditures for all budgets and supplemental purposes and to review all appropriations and requests to determine if they are legal and adequately funded." Summey v.Tisdale, 658 P.2d 464, 467 (Okla. 1982); 68 O.S. 1991, § 3006[68-3006].
After the financial statements and estimates of needs have been reviewed, public hearings held and necessary changes made in the estimates, the budget is approved by the county excise board and filed in the county clerk's office.
¶ 4 Alternate procedures employ the use of a county budget board and are found in the County Budget Act, 19 O.S. 1991 andSupp. 1996, §§ 1401-1421. The county budget board is created at19 O.S. 1991, § 1407[19-1407] and consists of each elected county officer. The chairman of the board of county commissioners serves as chairman of the county budget board. Under the county budget board procedures, the board must prepare a budget for each fund requiring funding. 19 O.S. 1991, § 1408[19-1408]. Once adopted by the county budget board, the budget is filed with the county excise board and pursuant to 19 O.S. 1991, § 1413[19-1413](C), is subject to the final approval of the county excise board.
¶ 5 The power and authority of the county excise board under the County Budget Act is specifically set out set out in Section 1414(A):
 The county excise board shall examine the county budgets. The excise board may take the following actions on the budgets:
 1. For any items or amounts which are not authorized by law or which may be contrary to law, the unlawful amounts or items shall be stricken and disregarded;
 2. Any amount which exceeds the lawful amount authorized by law shall be reduced to the extent authorized by law;
 3. If any items or amounts are mandated by law and not provided for the county excise board shall return the budget to the county budget board to revise the budget to provide for the mandated items or amounts. The county budget board shall revise or amend the budget as needed and resubmit the budget within fifteen (15) days of the return by the excise board;
 4. If any portion of the budget of revenues to be derived from ad valorem property tax exceeds the amount of tax which is available for appropriation, as finally determined and computed by the county excise board, the excise board shall return the budget to the county budget board to revise or amend the budget as needed and resubmit the budget within fifteen (15) days of the return by the excise board;
 5. If any reduction or amendment in the budget is required by the computations of Section 2497 of Title 68 of the Oklahoma Statutes, the county excise board shall note these and return the budget to the county budget board to revise or amend the budget as needed and resubmit the budget within fifteen (15) days from the date of the return by the excise board; and
 6. If the budget is within the income and revenues lawfully available, the excise board shall approve the budget and compute the levy required.
19 O.S. 1991, § 1414[19-1414](A) (emphasis added).
¶ 6 Your first question specifically relates to counties operating under the County Budget Act and the provisions of the Salaries and Compensation Act, 19 O.S. 1991 and Supp. 1996, §§180.43-180.83 ("the Salary Act"). The purpose of the Salary Act is found at Section 180.58(B) which provides:
 The purpose of this act is to codify and revise the laws of the state relating to the salaries and wages of county officers and their deputies and employees, and to establish said salaries and wages by general law applicable throughout the state under a uniform schedule fixing such salaries and wages and future increases and reductions thereof upon the following bases:
 1. The available revenues of the several counties out of which such salaries and wages may be paid;
2. The amount of services required to be performed;
 3. The monetary value of such services in relation to that of nongovernmental services of similar nature in the areas wherein such services are performed; and
 4. The relative amounts of services required of the various county officers, their deputies and employees upon investigation and full consideration of the applicable facts.
19 O.S. Supp. 1996, § 180.58[19-180.58](B) (emphasis added).
¶ 7 The Salary Act is intended to be generally applicable to all counties. There is no reference to counties operating under the County Budget Act. Several sections of the Salary Act grant authority to the board of county commissioners and the county excise board:
 1. Sections 180.62(B) and 180.74(B) require that the annual salaries of Class 2 elected officers be fixed by the county commissioners except where otherwise provided by law.
 2. Section 180.65(A), (C), (D), (F) and Section 180.81(A), (C), (D), (F) require the hiring of certain deputies and set the salaries of first assistants, deputies and others with the approval of the county excise board and county commissioners.
 3. Sections 180.65(G) and 180.81(G) require the county excise board to meet with each principal officer of the county for budget planning conferences.
 4. Section 180.79 requires salaries be paid from the county general fund and establishes a mandatory duty on the county commissioners and the county excise board to assure such funds are appropriated and paid.
¶ 8 Because there is no reference in the Salary Act to counties operating under the County Budget Act, a question arises as to the relative authority of the county commissioners and county excise board in counties operating under the County Budget Act when salaries are involved.
¶ 9 Section 1417 of the County Budget Act is the only provision that specifically addresses salaries and wages for county officers and employees.[2] This section provides that expenditures shall be departmentalized by appropriate functions and activities within each fund; salaries is but one of the six classified fund categories.
¶ 10 Section 1403 of the County Budget Act provides in pertinent part:
 Once a county has selected the County Budget Act to govern its budget procedures, the provisions of this act shall take precedence over any other state laws applicable to county budgets, except as may be provided otherwise in this act and supersede any conflicting laws.
19 O.S. 1991, § 1403[19-1403].
¶ 11 The above-quoted provision makes the County Budget Act the applicable law in case of conflict. In order for Section 1403 to apply, however, conflict must be found. It is a rule of construction that statutes which "are apparently contradictory are to be interpreted in such manner as to give effect to both of them if possible." Citicorp Savings and Trust Company v. BankingBoard, 704 P.2d 490, 494 (Okla. 1985). "Whenever it is possible to construe two acts by giving effect to both without doing violence to either, such construction is preferred" over one that may produce conflict between them. Grand River Dam Authority v.State, 645 P.2d 1011, 1019 (Okla. 1982).
¶ 12 The legislative intent regarding the Salary Act is stated in Title 19[3] and provides in pertinent part:
 It is hereby declared to be the intent of the Legislature that this act shall be the comprehensive salary code for all counties of the state and no county officer in paragraph 1 of Section 180.61 of this title, or their assistants, deputies or other employees by whatever title designated, shall receive any salary or wages except as provided in this act.
19 O.S. Supp. 1996, § 180.67[19-180.67](A) (emphasis added).
¶ 13 There is no conflict between the County Budget Act and the Salary Act because the County Budget Act is a procedural code designed to be an alternative to the Title 68 procedures. The Salary Act, however, is specifically intended to be a comprehensive code applicable to all counties. As stated above, Section 1417 of the County Budget Act is its only provision addressing salaries. Pursuant to Section 1417, salaries and wages is but one classification of expenditures within a fund. The County Budget Act does not specifically state that salaries are to be set by the county budget board; it is silent as to how salaries are calculated and by whom. Such is not the case with the Salary Act. The Salary Act is specific as to calculation and responsibility regarding county salaries and wages. Therefore, to construe both Acts in a manner giving effect to each without doing violence to either and to follow the legislative intent stated in the Salary Act, it must be determined that when the County Budget Act in Section 1417 refers to salaries and wages, it is in the context of salaries and wages as provided for in the Salary Act. Therefore, in answer to your first question, final authority regarding the salaries of county officers in counties that operate under the County Budget Act is provided for in the Salary Act.
 II.
¶ 14 County Commissioner salaries may be paid from the county highway fund[4] monies generated by taxation statutes which have specifically authorized payment of salaries. Section 519(a) of Title 68 provides in pertinent part:
 The funds so transmitted shall be sent to the respective county treasurers and by them deposited in the county highway fund of the respective counties, to be used by the county commissioners for the purpose of constructing and maintaining county or township highways and permanent bridges in such counties. In all counties where the county excise board in any county may find it necessary, because of insufficient revenue to maintain city and county government of such county out of the general fund . . . the county excise board may appropriate . . . an amount sufficient to pay the salaries of the county commissioners of such county for such fiscal year.
68 O.S. 1991, § 519[68-519](a).
¶ 15 Use of highway funds requires a determination by the county excise board that there are insufficient revenues to maintain city and county government out of the county general fund.
¶ 16 County commissioners have the authority to pay all or a portion of the salaries of their employees out of highway funds if the employees' responsibilities include the construction, maintenance and/or repair of county roads and if the portion of the salaries so paid is proportionate to the workers' time which is directly and exclusively related to the highway system. A.G. Opin. 84-21. Commissioners cannot pay their own salaries from the highway fund unless the county excise board finds it necessary because of insufficient revenue to maintain city and county government out of the general fund.
¶ 17 As part of the budgeting process under the County Budget Act, each county officer or employee charged with management or control of any department or office must estimate revenues and expenditures of the department or office. 19 O.S. 1991, § 1411[19-1411].
The county budget board meets in conferences with officials and estimates the expenditures for the fiscal year. The board must submit a budget in which proposed expenditures do not exceed estimated revenues. 19 O.S. 1991, § 1410[19-1410](C). Therefore, when the commissioners submit their estimate of needs, it will show all sources of available revenue and proposed expenditures in order to justify the commissioners' budgetary needs for the next fiscal year. In order for highway funds to be a source of revenue for payment of commissioner salaries, the county budget board should first determine that revenues are insufficient without highway funds and then include the commissioner salaries from highway funds in the budget presented to the county excise board.
¶ 18 If the county excise board agrees that there are insufficient revenues, the payment of commissioner salaries from highway funds is a proper utilization of the monies. Should the county excise board not agree, it may strike that portion as "not authorized by law" under the provisions of 19 O.S. 1991, §1414[19-1414](A)(1).[5] In this event, the budget would not include commissioner salaries and would be sent to the county budget board for revision under 19 O.S. 1991, § 1414[19-1414](A)(3).[6]
 III.
¶ 19 The Salaries and Compensation Act is the general law applicable to the salaries of county officers, their assistants, deputies, or other employees. Therefore, it does not matter whether a county is using the County Budget Act or the Title 68 procedures. Sections 180.62(A) and 180.74(A) of the Salary Act require all Class 1[7] county officer salaries to be computed by formulas set forth therein. Section 180.67 of the Salary Act, which is applicable to counties not approving certain ad valorem tax exemptions, states:
 It is hereby declared to be the intent of the Legislature that this act shall be the comprehensive salary code for all counties of the state and no county officer in [Class 1] of this title, or their assistants, deputies, or other employees by whatever title designated, shall receive any salary or wages except as provided in this act.
19 O.S. Supp. 1996, § 180.67[19-180.67](A).
¶ 20 Section 180.82, for counties approving certain ad valorem tax exemptions, provides:
 It is hereby declared to be the intent of the Legislature that this act shall be the comprehensive salary code for all counties of the state which have approved an exemption of household goods of the heads of families and livestock employed in support of the family pursuant to the provisions of Section 5 of Article X of the Oklahoma Constitution, and no county officer in paragraph 1 of Section 5 of this act, or their assistants, deputies, or other employees by whatever title designated, shall receive any salary or wages except as provided in this act.
19 O.S. Supp. 1996, § 180.82[19-180.82](A).
¶ 21 There is no provision in the Salary Act which indicates that Class 1 county officers may be treated differently, one from the other, when salary levels are determined. The Salary Act provides for basic salaries, increases to basic salaries and minimum salaries for county officials. The basic salary provision is found at 19 O.S. Supp. 1996, § 180.62[19-180.62]. A county officer's basic salary is a function of the valuation of taxable property within the county. Each provision of Section 180.62(A) sets "the basic salary of each of the county officers named in paragraph 1 of Section 180.61." Section 180.63 provides for increases in basic salary based upon net valuation and population. Section 180.63 provides in pertinent part:
 In every county in this state, the salary of all county officers named in paragraph 1 of Section 180.61 of this title may be increased from the applicable basic salary named in Section 180.62 of this title, for net valuation or serviceability, according to the following scale:
 A. [subparagraphs 1-4 provide for increases based on additional net valuation]
 B. And also the salary of each county officer shall be additionally increased from the basic salary named in Section 180.62 of this title, and the additions thereto heretofore provided in this section, for population or service load according to the following scale:
 [subparagraphs 1-3 provide calculations for increases based on population]
19 O.S. Supp. 1996, § 180.63[19-180.63] (emphasis added).
¶ 22 Both Sections 180.62 and 180.63 speak in terms of all county officers named in paragraph 1, or each county officer. There is no provision in the Salary Act which specifically allows differences in salaries among Class 1 officers.
¶ 23 The Oklahoma Supreme Court, in interpreting a different statutory scheme, found that members of the same class of county officials must be paid equally. Kirk v. Board of CountyCommissioners, 595 P.2d 1334 (Okla. 1979).
¶ 24 The Legislature has clearly expressed its intent in the Salary Act that no county officer in Class 1 shall receive any salary except as provided by that Act. The Salary Act does not differentiate between salaries paid from the county general fund or the county highway fund when used as a supplement to the county general fund. Therefore, under the provisions of the Salary Act, all Class 1 county officers must receive the same salary.
¶ 25 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. In counties that operate under the County Budget Act, 19O.S. 1991 and Supp. 1996, §§ 1401-1421, salaries should be setas provided in the Salaries and Compensation Act, 19 O.S. 1991and Supp. 1996, §§ 180.43 -180.83.
 2. After a determination by the county budget board thatrevenues are insufficient without highway funds to maintain cityand county government and after county excise board approval,highway funds may be an appropriate source for payment of countycommissioner salaries in counties that operate under the CountyBudget Act. In the event the county excise board does not agreethat revenues are insufficient to maintain city and countygovernment out of the general fund, it may strike theappropriation from the highway fund as "not authorized by law"under the provisions of 19 O.S. 1991, § 1414(A)(1) and returnthe budget to the county budget board for revision under 19O.S. 1991, § 1414(A)(3).
 3. In counties that operate under the County Budget Act, thesalaries of all Class 1 county officers must be equal.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL
[1] The county excise board is created at 68 O.S. 1991, §3005.1[68-3005.1] and is composed of the members of the county board of equalization. Section 2861 of Title 68 provides:
 A. A county board of equalization is hereby created for each county in the state. Said board shall consist of three (3) members.
 B. Members of the county board of equalization shall be appointed as follows:
 1. One member shall be appointed by the Oklahoma Tax Commission;
 2. One member shall be appointed by the board of county commissioners; and
 3. One member shall be appointed by the district judge or a majority of the district judges in all judicial districts where more than one district judge is elected.
68 O.S. Supp. 1996, § 2861[68-2861].
[2] 19 O.S. 1991, § 1417[19-1417] provides in pertinent part:
 Estimated revenues and appropriation expenditures in the budget of each fund shall be classified in conformity with the accounting system prescribed by the State Auditor and Inspector. Revenues shall be classified separately by source. Expenditures shall be departmentalized by appropriate functions and activities within each fund and shall be classified within the following categories:
 1. Salaries and wages, which may include expenses for salaries, wages, per diem allowances and other forms of compensation[.]
[3] Section 180.67 is applicable to counties not approving ad valorem tax exemptions for household goods of the heads of families and livestock employed in support of the family. Section 180.82 of the Salary Act is applicable to counties adopting these exemptions and provides in pertinent part as follows:
 It is hereby declared to be the intent of the Legislature that this act shall be the comprehensive salary code for all counties of the state which have approved an exemption of household goods of the heads of families and livestock employed in support of the family pursuant to the provisions of Section 5 of Article X of the Oklahoma Constitution, and no county officer in paragraph 1 of Section 5 of this act, or their assistants, deputies, or other employees by whatever title designated, shall receive any salary or wages except as provided in this act.
19 O.S. Supp. 1996, § 180.82[19-180.82](A).
[4] Section 1503(a) of Title 69 provides in pertinent part:
 All monies raised for use on the county highways in each county, or apportioned to each county for road purposes, from any source, including all funds and monies derived by law, levy, taxation, or apportionment shall, unless otherwise provided by law, be placed in the county treasury in a fund to be known as the county highway fund, to be expended on order of the board of county commissioners on county highways. . . .
[5] Section 1414(A) provides:
 The county excise board shall examine the county budgets. The excise board may take the following actions on the budgets:
 1. For any items or amounts which are not authorized by law or which may be contrary to law, the unlawful amounts or items shall be stricken and disregarded[.]
[6] Subparagraph 3 of Section 1414(A) further provides:
 If any items or amounts are mandated by law and not provided for the county excise board shall return the budget to the county budget board to revise the budget to provide for the mandated items or amounts. The county budget board shall revise or amend the budget as needed and resubmit the budget within fifteen (15) days of the return by the excise board[.]
[7] Class 1 county officers are those listed in 19 O.S. Supp.1996, § 180.61[19-180.61](1) (for counties not approving ad valorem exemptions) and § 180.73(1) (for counties approving ad valorem exemptions):
 Enforcement officers or those charged with enforcing the laws relating to public peace and safety: the county sheriff, the county treasurer, the county clerk, the court clerk, the county assessor, and the members of the board of county commissioners[.]